UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TUPAC AMARU SHAKUR HENRIQUES,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | Civil Action No. 24-2138 (UNA) |
| ) | |
| UNITED STATES GOVERNMENT,  ) | |
| ) | |
| Defendant.  ) | |

**MEMORANDUM OPINION**

This matter is before the Court on initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the complaint without prejudice.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

2

It appears that the named plaintiff is a disabled minor whose mother brings this action on his behalf. The minor allegedly is "scar[r]ed up from head to [f]oot on/with tasering [illegible] on his skin" as a result of abuse, Compl. at 1, for which an award of $1.5 billion is demanded, *id*. In addition, plaintiff asks this Court to prosecute all parties responsible for the abuse. *See id*.

There are no factual allegations regarding when and how the federal government abused the minor, and the complaint fails to put defendant on notice of the claim(s) against it. Nor does the complaint articulate a valid basis for such an extraordinary damages award. As drafted, the complaint fails to meet the minimal pleading standard set forth in Rule 8(a). The Court will dismiss the complaint without prejudice and issue an Order separately.

DATE: September 12, 2024                    DABNEY L. FRIEDRICH
                                            United States District Judge